# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| D REYNOLDS COMPANY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-02224-E |
| | § | |
| AGCS MARINE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff D. Reynolds Company, LLC's ("D. Reynolds") Motion to Remand. (ECF No. 13). For the reasons discussed below, the Court **DENIES** the Motion to Remand, as removal was timely, and the Court has proper subject-matter jurisdiction.

### I. BACKGROUND

This lawsuit arises out of D. Reynolds' claim for coverage under its insurance policy with AGCS Marine Insurance Company ("AGCS") for allegedly significant damage caused by a June 6, 2018, hail and windstorm to one of D. Reynolds' commercial buildings located in Farmers Branch, Texas. (ECF No. 14 at 2).

D. Reynolds[1] initiated this lawsuit in state court on December 20, 2022, asserting claims of: (i) breach of contract; (ii) violations of Chapter 542 of the Texas Insurance Code; (iii) violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"); (iv) violations of Chapter 541 of the Texas Insurance Code; and (v) breach of the duty of good faith and fair dealing.

---

[1] In its Original Petition, (ECF No. 1-3), Plaintiff mistakenly identified itself as D. Reynolds, LP, which was later amended in its Second Amended Petition, (ECF No. 1-30), to its correct identity as "D. Reynolds Company, LLC." (ECF No. 14 at 2).

(ECF No. 1-3). AGCS originally removed this matter to federal court on February 10, 2023, where it was assigned to Northern District of Texas Judge Sam Lindsay. (ECF No. 1 at 2; ECF No. 14 at 2). On March 3, 2023, Judge Lindsay issued a notice of deficiency as to AGCS's removal, which AGCS subsequently addressed by filing an amended notice of removal on March 13, 2023. (ECF No. 1 at 2; ECF No. 14 at 2). On March 23, 2023, Judge Lindsay sua sponte remanded the action back to state court on the grounds that the amended notice of removal did not contain sufficient information as to the citizenship of D. Reynolds and the domicile of its members in order to determine if complete diversity was present. (ECF No. 1 at 3; ECF No. 14 at 2-3).

On May 22, 2023, AGCS sent D. Reynolds its Requests for Production and Interrogatories seeking "identification of the proper Plaintiff, its members, and the domicile of its members." (ECF No. 1 at 3; ECF No. 14 at 3). D. Reynolds responded to the interrogatory and production requests on June 21, 2023, appropriately identifying itself as D. Reynolds Company, LLC and not D. Reynolds, LP, but failing to identify the members of D. Reynolds or the citizenship of D. Reynolds:

> 7. Identify each and every member of D. Reynolds Company, LLC, including the state that each member is a citizen of, each member's domicile, address of their fixed residence, and primary business address.
>
> **ANSWER:** Plaintiff objects to this interrogatory as it is vague, and overly broad. It is also not relevant to any of Plaintiff's claims in this case. Subject to this objection, at this time Plaintiff does not know the identity of each such partner, their domiciles, their addresses, or their primary place of business. Plaintiff further refers Defendant to the Assumed Name certificate attached hereto. Plaintiff will supplement this interrogatory answer if any additional information becomes available.
> …
> 10. State the citizenship of D. Reynolds Company, LLC.
>
> **ANSWER:** Plaintiff objects to this interrogatory as it is vague, and overly broad. Plaintiff is also not sure what Defendant is referring to by the use of the word "citizenship." Subject to this objection, D. Reynolds Company, LLC is a Texas limited liability company.

(ECF No. 1-15 at 15-16; *see* ECF No. 14 at 3).

On July 13, 2023, D. Reynolds' counsel sent AGCS's counsel two separate emails. The first email stated the following: "[o]ur client confirmed that the members of the D. Reynolds Company, LLC, are: (1) Walter Reynolds (Fort Worth, Texas); and (2) Donald Reynolds (Fort Worth, Texas)." (ECF No. 15 at 12). Subsequently, the second email tacked on to the first: "[p]lease let my last email serve as Plaintiff's supplementation to 'Interrogatory No. 7' and 'Interrogatory No. 10.' Plaintiff will supply me with his verification which I will send once received." (ECF No. 15 at 12). As assured, on July 18, 2023, D. Reynolds provided a verification of its answers to AGCS's discovery requests. (ECF No. 14 at 3; ECF No. 22 at 10).

On July 19, 2023, AGCS filed its motion to compel seeking the citizenship of D. Reynolds and the domicile of its members. (ECF No. 14 at 4; ECF No. 22 at 10). The motion to compel was granted on September 1, 2023, with the state court judge ruling that D. Reynolds was "required to provide the physical address of its members and the appropriate name of Plaintiff's entity." (ECF No. 14 at 4). D. Reynolds filed their Second Amended Petition ("the Petition")[2] on September 7, 2023, naming "D. Reynolds Company, LLC" as the appropriate plaintiff. (ECF No. 1-30). On September 11, 2023, D. Reynolds—by order of the court—provided AGCS with the precise identity of the membership and citizenship of D. Reynolds through its first supplemental answers to AGCS's interrogatories:

> 7. Identify each and every member of D. Reynolds Company, LLC, including the state that each member is a citizen of, each member's domicile, address of their fixed residence, and primary business address.
> …
> **SUPPLEMENTAL ANSWER:** Plaintiff states that D. Reynolds Company, LLC's sole member, Walter Reynolds, is a Texas citizen and is domiciled at 6200 Westover Drive, Fort Worth, Texas 76107. Plaintiff further states that D. Reynolds

---

[2] The Petition is the pleading D. Reynolds proceeds upon and asserts the same five claims as stated in the Original Petition.

>Company, LLC's principal place of business address is located at 2680 Sylvania Cross Drive, Fort Worth, Texas 76137.
>…
>10. State the citizenship of D. Reynolds Company, LLC.
>…
>**SUPPLEMENTAL ANSWER:** Plaintiff states that D. Reynolds Company, LLC's sole member, Walter Reynolds, is a Texas citizen and is domiciled at 6200 Westover Drive, Fort Worth, Texas 76107. Plaintiff further states that D. Reynolds Company, LLC's principal place of business is located at 2680 Sylvania Cross Drive, Fort Worth, Texas 76137.

(ECF No. 2-2 at 5). Subsequently, on October 6, 2023, AGCS removed this action to federal court, on the basis of complete diversity evidenced by D. Reynolds' September 11, 2023, supplemental pleadings pursuant to 28 U.S.C. § 1446(b)(3).[3] (ECF No. 1).

On November 6, 2023, D. Reynolds filed its motion for remand, (ECF No. 13), along with its brief in support, (ECF No. 14), and appendix in support. (ECF No. 15). AGCS responded on November 27, 2023, (ECF No. 21), accompanied with its brief in support. (ECF No. 22). D. Reynolds did not file a reply. Thus, the motion to remand is ripe for determination.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in state court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S.

---

[3] The Court notes that this is AGCS's second removal, but that "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

A defendant may remove a case to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Thus, when a suit is removed based on diversity jurisdiction, this Court can exercise jurisdiction after removal only if three requirements are met: (1) the parties are of completely diverse citizenship; (2) the case involves an amount in controversy greater than $75,000; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. "To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023).

### III.   ANALYSIS

D. Reynolds alleges that AGCS's October 6, 2023, removal was improper because "(1) it was made 85 days after Plaintiff voluntarily supplemented its discovery responses which constituted 'other paper' under 28 U.S.C. 1446(b)(3); and (2) it improperly characterizes Plaintiff's September 11, 2023 court ordered discovery responses as 'other paper' which Texas law has clearly stated do not constitute 'other paper.'" (ECF No. 14 at 1). Conversely, AGCS contends that the October 6, 2023, removal was both timely and proper as it was within 30 days of AGCS's receipt of the "supplemental discovery responses that identified Plaintiff's citizenship on

September 11, 2023; Plaintiff did not provide information related to its citizenship prior to September 11, 2023; Plaintiff's supplementary discovery responses were a voluntary act; and Plaintiff's gamesmanship prevented Defendant from obtaining information about Plaintiff's citizenship prior to September 11, 2023. (ECF No. 21 at 1-2). The Court concurs with AGCS.

To successfully remove an action, a defendant must file a notice of removal within 30 days of receiving "a copy of the initial pleading setting forth the claim for which relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If a case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A discovery response may constitute an 'other paper' under the federal removal statute, notifying defendant of an action's removability and triggering the 30–day removability period." *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011). The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be *unequivocally clear and certain* to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (emphasis added). This "bright-line rule" promotes "judicial economy" and creates a "fairer environment" for plaintiffs and defendants. *Bosky*, 288 F.3d at 211.

D. Reynolds' July 13, 2023, email—stating that "the members of the D. Reynolds Company, LLC, are: (1) Walter Reynolds (Fort Worth, Texas); and (2) Donald Reynolds (Fort Worth, Texas)"—did not "specifically allege the citizenship of every member" of the LLC. *See SXSW, L.L.C.*, 83 F.4th at 408. As such, it was wholly insufficient to put AGCS on notice of

removability, and thus, failed to constitute "other paper" sufficient to start the 30-day removal clock. *See Cole ex rel. Ellis*, 416 F. App'x at 440. Not until the September 11, 2023, supplemental discovery responses did AGCS receive the "unequivocally clear and certain" information supporting removal—the physical address of each member of D. Reynolds. *See Bosky*, 288 F.3d at 211 (holding that the information supporting removal must be unequivocally clear and certain to commence the time clock for removal). Thus, D. Reynolds' September 11, 2023, supplemental discovery responses—not the July 13, 2023, email—constitute "other paper," thus encompassing AGCS's October 6, 2023, removal in the proper 30-day window.

As to D. Reynolds' second proposition that orders of the court do not constitute "other paper" as there is no voluntary act by the plaintiff, they have misapprehended the law. It is undisputed that "[t]he Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors, Inc.*, 72 F.3d at 494 (holding that a case cannot become removable by evidence of a defendant or by an order of the court). The mere fact that the court ordered D. Reynolds to file supplemental discovery responses does not make such an involuntary act by D. Reynolds—it is still an affirmative action taken by the plaintiff. The supplemental discovery responses themselves converted the action into a removable one—*not* the order of the court mandating D. Reynolds provide such discovery responses. *See S.W.S. Erectors, Inc.*, 72 F.3d at 494; *see also Brinkley v. Universal Health Servs., Inc.*, 194 F. Supp. 2d 597, 600 (S.D. Tex. 2002) (stating that a voluntary act turns on whether plaintiff had responsibility over the "other paper"). D. Reynolds fails to offer any evidentiary support as to their supposition that the September 11, 2023, responses fail to constitute "other paper" merely because they were ordered by the court, or as to how the responses—provided by D. Reynolds themselves—do not constitute a "voluntary act." Further, the Fifth Circuit has repeatedly held that discovery responses constitute

"other paper" under the federal removal statute, and D. Reynolds' bare conclusory assertion stating the contrary does not prompt a different conclusion. *See Cole ex rel. Ellis*, 416 F. App'x at 440; *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018).

Accordingly, D. Reynolds' September 11, 2023, supplemental discovery responses constitute "other paper" under § 1446(b)(3), and AGCS's October 6, 2023, removal of this action was both timely and proper. Thus, D. Reynolds' motion to remand must be denied. Further, the Court notes that this action was originally filed in December of 2022. As it is now April of 2024, and the matter is still in its early stages due to a lengthy jurisdictional debate, the Court reminds the Parties that the matters of judicial economy and fairness are of utmost importance. Any attempt by a party to defeat removal by artfully pleading, or pleading by omission, is looked upon with extreme disfavor.

### IV. CONCLUSION

For the reasons enumerated above, AGCS's removal of this matter was both timely and proper, and thus, D. Reynolds' Motion to Remand is **DENIED**. (ECF No. 13).

**SO ORDERED:** April 16, 2024.

Ada E. Brown
UNITED STATES DISTRICT JUDGE