IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D. REYNOLDS COMPANY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2224-E |
| | § | |
| AGCS MARINE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant AGCS Marine Insurance Company ("AGCS") filed a Motion to Limit Attorneys' Fees Pursuant to Chapter 542A of the Texas Insurance Code [Dkt. No. 17]. Plaintiff D. Reynolds Company, LLC ("Reynolds") filed a response, *see* Dkt. No. 24, and AGCS filed a reply, *see* Dkt. No. 28.

United States District Judge Ada Brown has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 34.

**Background**

This case concerns a claim for insurance coverage. Reynolds had an insurance policy from AGCS on a commercial property – 12900 Senlac Drive, Farmers Branch, Texas 75234 – and reported an alleged loss from a hailstorm. *See* Dkt. No. 18 at 1-2. Reynolds brought claims for breach of contract, violations of Chapter 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Consumer

Protection Act ("DTPA"), violations of Chapter 541 of the Texas Insurance Code, and breach of duty of good faith and fair against AGCS in state court. *See id.* at 3.

AGCS then removed the action to this Court on February 3, 2023. *See id.* at 4; Dkt. No. 25 at 5. AGCS filed its amended answer, pleading that Reynolds did not provide them timely pre-suit notice as required under Texas Insurance Code Chapter 542A and that they would be seeking limitation of attorney's fees. *See* Dkt. No. 25 at 5; Dkt. No. 8 at 19-20.

The case was originally assigned to United States District Judge Sam A. Lindsay as Case No. 3:23-cv-311. *See* Dkt. No. 25 at 5. Judge Lindsay *sua sponte* remanded the case to state court for insufficient pleading of citizenship as required for diversity jurisdiction. *See id.*

AGCS removed the action to this Court again on October 6, 2023. *See id.* AGCS filed its amended answer on October 13, 2023, once again pleading that Reynolds could not recover attorneys' fees due to insufficient notice. *See* Dkt. No. 19 at App. 033; Dkt. No. 8.

AGCS filed this Motion to Limit Attorneys' Fees for not receiving the appropriate notice on November 9, 2023. *See* Dkt. No. 17.

**Legal Standards and Analysis**

Texas Insurance Code § 542A.003(a) requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to

-2-

the person in accordance with this section as a prerequisite to filing the action." TEX. INS. CODE § 542A.003(a).

And, "[i]f a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a pre-suit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." TEX. INS. CODE § 542A.007(d).

AGCS states that it was entitled to notice and that Reynolds sent a letter claiming to provide notice on November 23, 2022. *See* Dkt. No. 18 at 5-6. But Reynolds filed suit in state court on December 20, 2022 – 27 days after sending the notice letter to AGCS – and so AGCS argues the notice provided was untimely. *See id.* at 6; Dkt. No. 26 at App. 002.

AGCS also claims that it properly filed its amended answer within 30 days of its original answer, meeting the pleading requirements of Texas Insurance Code § 542A.007(d). *See* Dkt. No. 19 at App. 033; Dkt. No. 18 at 8. AGCS requests that Reynolds be limited from requesting any attorneys' fees incurred after February 17, 2023 – the day AGCS filed its amended answer in the previous case (No. 3-23-cv-311-L) in this Court. *See* Dkt. No. 18 at 4.

The only issue in dispute is whether Reynolds was excused from providing notice under the exception in Texas Insurance Code § 542A.003(d)(1), which states that "[a] presuit notice under Subsection (a) is not required if giving notice is impracticable because: (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire[.]". TEX. INS. CODE. § 542.003(d)(1).

AGCS states that notice was not impracticable because, even if Reynolds anticipated the statute of limitations for filing suit expiring on January 3, 2023, Reynolds retained a public adjuster to represent it on January 29, 2021 – 22 months before it filed suit – and so could have provided timely notice. *See* Dkt. No. 18 at 2, 9.

Reynolds contends that notice was impracticable because its attorney was hired too close to the statute of limitations expiring to provide notice and that AGCS relies on incorrect law by holding a public adjuster accountable for providing notice. *See id.* at 8-12.

"A finding of impracticability … ought to be reserved for those instances in which presuit notice genuinely cannot be provided; a plaintiff should not be allowed to skirt the important requirements of the Texas Insurance Code by engaging in dilatory tactics." *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, No. 3:20-CV-00147-G, 2020 WL 4284710, at *8 (N.D. Tex. July 27, 2020). And "most federal courts observe that the impracticability exception in Section 542A.003(d) is a difficult standard to meet." *Lionhead Prop. v. AmGUARD Ins. Co.*, No. SA-22-CV-701-OLG, 2023 WL 4279321, at *2 (W.D. Tex. Mar. 14, 2023).

Analyzing the language of Section 542A.003(c), which states that an attorney or representative can give the notice required, a court found that,

> [b]ased on this express language of the statute, it appears that the Texas legislature anticipated that the pre-suit notice could be sent by a representative of a claimant other than an attorney. Therefore, it would not be consistent with the language of section 542A.003 to conclude that sending pre-suit notice was impracticable due to a reasonable belief that there was insufficient time to send the notice based solely on the fact that Plaintiff did not hire an attorney until sixty-three days prior to the expiration of the statute of limitations, as presented in this case.

*J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-00100, 2019 WL 453378, at *6 (S.D. Tex. Jan. 14, 2019), *rep. & rec. adopted*, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019).

In *J.P. Columbus*, the plaintiff had hired a public adjuster more than seven months before the statute of limitations expired, and the adjuster had communicated with the defendant before the 61-day notice period. *See id.* Referencing the plaintiff hiring a public adjuster, the Court stated that "this Court does not feel it is necessary to decide whether Plaintiff's counsel himself could have reasonably believed he could not send the pre-suit notice prior to filing suit." *Id.*

Other courts have agreed that hiring an attorney at a late hour, particularly when a public adjuster was retained earlier, does not meet the impracticably exception. *See, e.g.*, *Varner v. State Farm Lloyds*, No. 1:23-CV-630-DII, 2023 WL 7030193, at *2 (W.D. Tex. Oct. 10, 2023), *rep. and rec. adopted*, 2023 WL 7027992 (W.D. Tex. Oct. 25, 2023) ("State Farm … received a letter of representation from Plaintiff's public adjuster in January 2023. But Plaintiff then waited until April 19, 2023 to retain counsel in this matter. While Plaintiff's counsel may have thereafter

moved with alacrity, the fact remains that two years passed between the incident giving rise to the claim and the filing of this lawsuit. Other than the hiring of counsel at the eleventh hour, Plaintiff fails to provide any justification whatsoever, let alone "a reasonable basis," for the consequent delays in either pursing his claim or this lawsuit."); *Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, No. 3:19-cv-1645-S, 2019 WL 7187249, at *2 (N.D. Tex. Dec. 23, 2019) ("Moreover, 'Plaintiff proffers no explanation for why it waited' almost two years before the date of the alleged loss 'before it hired an attorney.' This is especially troubling given that Plaintiff had retained public adjusters who provided Defendants with estimates as early as January 10, 2018, and who could have provided Defendant with the requisite notice." (citing *J.P. Columbus*, 2019 WL 453378, at *6)).

In this case, Reynolds reported the loss to AGCS on November 11, 2020. *See* Dkt. No. 18 at 2. Reynolds retained a public adjuster on January 29, 2021, almost two years before it filed suit in state court on December 20, 2022. *See id.* at 2-3. And AGCS received a notice of representation letter from Reynolds's counsel on October 5, 2022, approximately 76 days before Reynolds filed suit in state court, and approximately 90 days before the statute of limitations would have run. *See id.* at 10.

The undersigned is not persuaded, as Reynolds suggests, to follow a Dallas County court order denying a motion to limit attorneys' fees without any analysis of this issue, nor cases analyzing different insurance provisions, in light of the persuasive analysis provided by multiple federal district courts in Texas. *See* Dkt. No. 27 at 4-5; Dkt. No. 26 at Appx. 028, Ex. 3.

And so, the undersigned concludes that AGCS successfully pleaded it was entitled to pre-suit notice in its amended answer on February 17, 2023, and Reynolds failed to timely provide the required notice. *See Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 536 (S.D. Tex. 2021) (awarding attorneys' fees from the date plaintiff "pled and proved that it was entitled to pre-suit notice in its Original Answer").

And so, the Court should grant AGCS's Motion to Limit Attorneys' Fees, and the Court should not award Reynolds attorneys' fees incurred after February 17, 2023.

## Recommendation

The Court should grant AGCS's Motion to Limit Attorneys' Fees [Dkt. No. 17] and should not award Reynolds attorneys' fees incurred after February 17, 2023.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

-8-

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE